■ NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executor of RICHARD W. SIMMONS, Deceased, Appellant, v. PENN MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Respondent.— Appeal from a judgment, dismissing the complaint on the merits, entered upon an order of Supreme Court at Special Term in Albany County, which granted defendant's motion for summary judgment. In 1934, defendant issued a policy of insurance to one Simmons, the plaintiff's testate. The policy provided for monthly income payments of $76.70 to Simmons beginning on November 28, 1950, and terminating at his death or, in the alternative, for the payment of $11,817.10 in one sum. It further provided for continuance of the monthly payments to Simmons' executors should he die after November 28, 1950, and before the sum of the monthly payments equalled $11,817.10, which was the cash value of the policy on November 28, 1950. The policy further provided " At any time prior to the commencement of the life income payments as stated above " (i.e. $76.70 per month, commencing November 28, 1950) " and in lieu thereof, a life income may be elected as provided in Section 8 ". Section 8 is entitled " Alternate Life Income " and provides that at any time prior to the commencement of the life income payments, and in lieu thereof, the insured may elect to take a life income whereby all liability for further payment, either of income or any lump sum, will cease upon the death of the insured. Prior to November 28, 1950, Simmons made no election under section 8. Defendant issued and mailed checks to the insured on November 28, 1950, and December 28, 1950, each in the amount of $76.70 (plus a small dividend which is not material here). Simmons did not cash either check. On January 8, 1951, Simmons returned both checks with a written request that in lieu of the monthly income payment of $76.70 (with the right to certain payments after death), defendant permit him to elect to take the life income without refund under section 8 to provide a monthly income of $89.71. He requested defendant to amend its records and the policy accordingly. Defendant granted Simmons' request and indorsed the policy to provide for a monthly life income, without refund, of $89.71. Thereupon defendant issued its check in the sum of $179.42 to cover two payments of $89.71 each, for the months of November and December of 1950 and thereafter continued monthly payments at the increased rate of $89.71 until February 26, 1954, when the insured died. Plaintiff, as executor of Simmons' estate, brings this action for a declaratory judgment and contends that since Simmons did not exercise the election afforded him by section 8 prior to November 28, 1950, he could not exercise it at all and his attempt to do so in January, 1951, was of no effect and defendant should continue payments to plaintiff according to the original terms of the policy. Simmons had the unqualified right to elect to take the higher

life income without refund " [a]t any time prior to the commencement of the life income payments ". It is reasonable to hold that payments had not commenced prior to the time Simmons' election was filed and honored in January, 1951. True, he had received checks of approximately $76.70 in November and December, 1950. But he had not cashed them. His conduct in voluntarily returning them and their acceptance by defendant amounted to an acknowledgement by both parties that no payment had been made. The return of the checks, Simmons' election in writing to take the alternate life income without refund, and his acceptance of the higher monthly income for three years thereafter, preclude his executors from recovering under the original terms of the policy. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [See *post*, p. 869.]